UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARA SOLTANI, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>ANTHONY J. BLINKEN, et al.,<br><br>　　　　Defendants. | No. 2:24-cv-03067 CSK<br><br>ORDER GRANTING MOTION FOR SUMMARY JUDGMENT |

Plaintiff Ara Soltani and her parents, Plaintiffs Behrouz Soltani and Arezou Sarhangzadeh Afshar, proceed on a petition for writ of mandamus and complaint for injunctive relief.[1] (ECF No. 1.) Defendants Anthony Blinken and Robert Jachim, federal officials sued in their official capacity, seek to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 9.) In the alternative, Defendants seek summary judgment under Rule 56 of the Federal Rules of Civil Procedure. (*Id.*) A hearing on Defendants' motion was held on April 1, 2025, with Alexander Loznak appearing on behalf of plaintiffs and Elliot Wong appearing on behalf of Defendants. (ECF No. 17.) Plaintiff Ara Solanti was also present. After the hearing, the motion was

---

[1] Pursuant to the parties' consent and the court's order of November 26, 2024, this matter is before the undersigned for all purposes including trial and entry of judgment. (ECF Nos. 6, 7 & 8.)

1

submitted. For the reasons set forth below, Defendants' alternate motion for summary judgment is granted.

## I. BACKGROUND

Foreign nationals may petition for immigrant visas based on a familial relationship with a U.S. citizen or lawful permanent resident. *See* 8 U.S.C. §§ 1151(b)(2)(A)(i), 1153(a)(1)-(4), 1201(a)(1)(A); 22 C.F.R. §§ 42.21, 42.42. In accordance with the Immigration and Nationality Act (INA), consular officers have authority to issue immigrant visas. 8 U.S.C. § 1201; 22 C.F.R. § 42.71. Before a consular officer can issue a visa, an applicant must make a proper application, 8 U.S.C. § 1201(a)(1), "in such form and manner" prescribed by the regulations, *id.* § 1202(a).

For a family-based immigrant visa, the sponsoring U.S. citizen or legal permanent resident must file a "Petition for Alien Relative (Form I-130)" with the United States Citizenship and Immigration Services (USCIS). 8 U.S.C. § 1154. After the USCIS approves the I-130 form, it transfers the petition to the National Visa Center for preprocessing if the noncitizen beneficiary of the visa petition is not located in the United States, and the beneficiary may submit a DS-260 Online Immigrant Visa and Alien Registration Application to begin the visa application process. 9 Foreign Affairs Manual (FAM) § 504.1-2(a)(1).

Once the National Visa Center determines an applicant is documentarily complete and a consular officer completes "necessary clearance procedures," the applicant is considered documentarily qualified "to apply formally for an immigrant visa[.]" 22 C.F.R. § 40.1(h). This requires "personally appearing before a consular officer and verifying by oath or affirmation the statements contained on ... Form DS–260[.]" *Id.* § 40.1(l). During the interview, an applicant can formally apply for an immigrant visa by swearing to or affirming the contents of the DS-260 and signing it before a consular officer. 22 C.F.R. § 42.67(a). The INA provides "[a]ll immigrant visa applications shall be reviewed and adjudicated by a consular officer." 8 U.S.C. § 1202(b). Once an application is properly completed and executed before a consular officer, the officer must either issue or refuse

to issue a visa. *See* 22 C.F.R. § 42.81(a).

According to the complaint, Plaintiff Ara Soltani (Soltani) is a U.S. Citizen. (Compl. ¶ 74, ECF No. 1.) Her parents, Plaintiffs Behrouz Soltani and Arezou Sarhangzadeh Afshar, are Canadian citizens. (*Id.* ¶¶ 75-76.) On July 10, 2022, Soltani filed two Form I-130s for her parents, which the USCIS approved. (*Id.* ¶ 77.) On January 22, 2024, Soltani's parents were interviewed by the Consular Section of the U.S. Embassy in Montreal, where they were given a non-final refusal letter under 8 U.S.C. § 1201(g), § 221(g) of the INA. The letter requested additional documents. (*Id.* ¶¶ 80-81 & Exh. C.) On February 16, 2024, they submitted all requested documents. (*Id.* ¶ 82.) At the time the complaint was filed, Soltani's parents had waited more than nine months since their interview to receive a decision on their visa applications, with "no useful information" forthcoming from the State Department. (*Id.* ¶¶ 85-88.)

Plaintiffs filed their complaint on November 6, 2024, seeking to compel Defendants to adjudicate the Soltani parents' immigrant visa applications. Plaintiffs allege that, due to Defendants' delay in adjudicating the applications, they have been forced to live apart for years and fear they will be separated indefinitely. (*Id.* ¶¶ 91-92.) The complaint asserts a cause of action for unreasonable delay under the Administrative Procedure Act (APA), 5 U.S.C. § 706(1), and seeks relief under the Mandamus Act, 28 U.S.C. § 1361.

On January 7, 2025, Defendants filed the motion presently before the Court, seeking dismissal of the complaint or, in the alternative, summary judgment on the following grounds: (1) the doctrine of consular non-reviewability precludes Plaintiffs from seeking judicial review; (2) Plaintiffs' claims must fail because they cannot point to a clear duty to act; and (3) there has been no unreasonable delay in reconsidering whether the 221(g) visa refusals can be overcome. Plaintiffs filed an opposition to the motion, which they later amended. (ECF Nos. 10, 11 & 12.) Defendants filed a reply to the amended opposition and a hearing was held. (ECF Nos. 13 & 17.)

/ / /

3

## II. LEGAL STANDARDS

### A. Rule 12(b)(6)

Dismissal under Rule 12(b)(6) may be warranted for "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). In evaluating whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989).

In ruling on a motion to dismiss brought under Rule 12(b)(6), the court may consider material properly submitted as part of the complaint and documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them. *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001). The court may also consider matters of public record. *Id.*

### B. Summary Judgment

"A party is entitled to summary judgment if the 'movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *City of Pomona v. SQM North America Corp.*, 750 F.3d 1036, 1049 (9th Cir. 2014) (quoting Fed. R. Civ. P. 56(a)). "The moving party initially bears the burden of proving the absence of a genuine issue of material fact." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "Where the moving party meets that burden, the burden then shifts to the non-moving party to designate specific facts demonstrating the existence of genuine issues for trial." *Id.* "The court must view the evidence in the light most favorable to the nonmovant and draw all reasonable inferences in the nonmovant's favor." *City of Pomona*, 750 F.3d at 1049. "'Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.'" *Id.* (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587

(1986)).

III.   ANALYSIS

    A.   APA and Mandamus Act

The complaint asserts a cause of action for unreasonable delay under Section 706(1) of the APA and also seeks relief under the Mandamus Act, 28 U.S.C. § 1361. Under Section 706(1) of the APA, courts can "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). "[A] court may compel [delayed] agency action under the APA when the agency (1) has 'a clear, certain, and mandatory duty' and (2) has unreasonably delayed in performing such duty." *Vaz v. Neal*, 33 F.4th 1131, 1136 (9th Cir. 2022) (citations omitted) (quoting *Plaskett v. Wormuth*, 18 F.4th 1072, 1082 (9th Cir. 2021)). Under the Mandamus Act, to compel governmental action, a court must find that "(1) the plaintiff's claim is clear and certain; (2) the duty is 'ministerial and so plainly prescribed as to be free from doubt'; and (3) no other adequate remedy is available." *Or. Nat. Res. Council v. Harrell*, 52 F.3d 1499, 1508 (9th Cir. 1995) (internal quotation marks omitted) (quoting *Fallini v. Hodel*, 783 F.2d 1343, 1345 (9th Cir. 1986)).

The Ninth Circuit has recognized that the relief sought under the Mandamus Act and under Section 706(1) of the APA is "essentially the same." *Indep. Mining Co. v. Babbitt*, 105 F.3d 502, 507 (9th Cir. 1997). Thus, "when a complaint seeks relief under the Mandamus Act and the APA and there is an adequate remedy under the APA, [a court] may elect to analyze the APA claim only." *Vaz*, 33 F.4th at 1135. Because an adequate remedy exists under the APA, the Court will analyze Plaintiffs' claim of delay under the APA only. *See id.* If Plaintiffs' APA claim fails, their claim under the Mandamus Act fails as well. *See Vaz*, 33 F.4th at 1138-39.

    B.   Doctrine of Consular Non-Reviewability

Defendants argue that the doctrine of consular non-reviewability precludes review of the consular officer's decision to deny the Soltani parents' visa applications at their January 2024 consular interview. Defendants assert that the consular officer's decision under § 221(g) was a final decision, even though the consular officer requested that the

5

Soltani parents submit additional papers, which they subsequently did.

Plaintiffs counter that, because the § 221(g) refusal was not a final adjudication of their applications, the doctrine of consular non-reviewability does not apply. Plaintiffs argue that a final adjudication of their applications has not been made, but rather, delayed for an unreasonable length of time under the APA. They assert that they have never been issued final refusals and that Defendants provide no evidence to the contrary.

Under the doctrine of consular non-reviewability, "ordinarily, a consular official's decision to deny a visa to a foreigner is not subject to judicial review." *Khachatryan v. Blinken*, 4 F.4th 841, 851 (9th Cir. 2021) (quoting *Allen v. Milas*, 896 F.3d 1094, 1104-05 (9th Cir. 2018)). As recently set forth by the Supreme Court, "[f]or more than a century, this Court has recognized that the admission and exclusion of foreign nationals is a 'fundamental sovereign attribute exercised by the Government's political departments largely immune from judicial control.'" *Department of State v. Munoz*, 602 U.S. 899, 907-908 (2024) (quoting *Trump v. Hawaii*, 585 U.S. 667, 702 (2018)). When Congress delegates to executive officials the discretionary authority to admit noncitizens, "the action of an executive officer to admit or exclude an alien is final and conclusive.'" *Id.* at 908 (internal quotations and citations omitted). "The Judicial Branch has no role to play unless expressly authorized by law," and, because the INA "does not authorize judicial review of a consular officer's denial of a visa, . . . as a rule, the federal courts cannot review those decisions." *Id.* (internal quotations and citation omitted). This principle is known as the doctrine of consular non-reviewability. *Id.*

However, courts in this district and others have found that an administrative processing denial under § 221g is not a final decision subject to the doctrine of consular non-reviewability. *See, e.g., Jamalina v. Rubio*, 2025 WL 744861, at *4 (E.D. Cal. Mar. 7, 2025) (denial of plaintiffs' visa application under INA § 221(g) is not a final decision) (collecting cases); *Iqbal v. Blinken*, 2024 WL 3904959, at *7 (E.D. Cal. Aug. 22, 2024) ("The court joins with the courts that have found the refusal of a visa application for

administrative processing does not constitute a final decision"); *Ali v. Ordeman, et al.*, 2024 WL 2274912, at *4 (E.D. Cal. May 17, 2024) (denial of plaintiff's visa application under INA § 221(g) is not a final decision) (collecting cases).

Defendants cite *Al Shaleli v. Blinken*, 2022 WL 4664245, at *3 (E.D. Cal. Sept. 30, 2022) for the proposition that visa denials are final even if plaintiffs are "afforded the opportunity to try to overcome those denials" as under § 221(g). However, while the court in *Al Shaleli* found that plaintiffs' visa applications appeared to have been denied, the denials were under different statutory provisions and circumstances than § 221(g), distinguishing *Al Shaleli* from the above line of cases.

Here, accepting all allegations as true and drawing all inferences in the light most favorable to Plaintiffs, the denial of the Soltani parents' visa applications under INA § 221(g) is not a final decision, and the doctrine of consular non-reviewability does not apply.

**C.    Unreasonable Delay**

The next contested issue is whether Defendants unreasonably delayed adjudicating Plaintiffs' applications.[2] Although the INA does not set a deadline for consular officers to review and adjudicate visa applications, Defendants have a duty to act within a reasonable time. *See* 5 U.S.C. § 555. "[T]he APA and related case law provide 'law to apply' in determining whether defendants have failed to act within a reasonable time." *Khan v. Johnson*, 65 F. Supp. 3d 918, 926 (C.D. Cal. 2014). "[F]ederal courts routinely assess the 'reasonableness' of the pace of agency action under the APA." *Id.* (citation omitted).

Under the APA, a reviewing court must "compel agency action ... unreasonably delayed[.]" 5 U.S.C. § 706(1). However, "[a] court can compel agency action under this section only if there is a specific, unequivocal command placed on the agency to take a discrete agency action, and the agency has failed to take that action." *Vietnam Veterans*

---

[2] The Court does not reach whether Defendants owe Plaintiffs a non-discretionary duty, as resolution of the issue of unreasonable delay resolves the motion.

7

*of Am. v. Cent. Intel. Agency*, 811 F.3d 1068, 1075 (9th Cir. 2016) (internal quotation marks and citation omitted). "The agency action must be pursuant to a legal obligation 'so clearly set forth that it could traditionally have been enforced through a writ of mandamus.'" *Id.* at 1075-76 (citation omitted).

In determining whether an agency action was unreasonably delayed, courts consider the six "TRAC" factors:

> (1) the time agencies take to make decisions must be governed by a rule of reason; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

*In re Nat. Res. Def. Council, Inc.*, 956 F.3d 1134, 1138-39 (9th Cir. 2020) (quoting *Telecomms. Research and Action Ctr. ("TRAC") v. FCC*, 750 F.2d 70, 79-80 (D.C. Cir. 1984)).

"Because of the fact-intensive nature of the reasonableness determination, courts disagree on whether the TRAC factors should be analyzed to resolve a motion to dismiss." *Ali*, 2024 WL 2274912, at *4 (internal quotation marks and citation omitted). Here, Defendants' alternate motion for summary judgment addresses the TRAC factors, supported by a Statement of Undisputed Material Facts (DUF). (ECF No. 9-1.) In opposition to the motion, Plaintiffs submit several documents as exhibits but do not otherwise respond to the Statement of Undisputed Material Facts. While Plaintiffs have not provided an affidavit or declaration under Federal Rule of Civil Procedure 56(d) and argue that more discovery is needed, district courts in this circuit routinely decide immigration cases on summary judgment on similar records. *See, e.g., Ali*, 2024 WL 2274912, at *5 (finding discovery not necessary or warranted on *TRAC* factor of

unreasonable delay); *Alam v. Blinken*, 2024 WL 4804557, at *6 (E.D. Cal. Nov. 15, 2024) (same, collecting cases). *But see Iqbal v. Blinken*, 2023 WL 7418353 (E.D. Cal. Nov. 9, 2023) (finding TRAC "reasonableness inquiry is best resolved on a full factual record").

At the hearing, the parties agreed that the start date for period of alleged unreasonable delay is the date of the consular interview, and Plaintiffs have not specified what further discovery is material or needed. Thus, the Court has sufficient factual information to determine whether the ongoing delay is unreasonable.

On January 22, 2024, Plaintiffs Behrouz Soltani and Arezou Sarhangzadeh Afshar appeared for a consular interview at the U.S. Consulate General in Montreal and executed applications for immigrant visas. (DUF 1.) On the same day, the consular officer refused their applications under INA § 221(g), 8 U.S.C. § 1201(g), finding additional security screening was required and asking Plaintiffs to provide certain required documents. (DUF 2.) On January 26, 2024, the U.S. Consulate General in Montreal received Plaintiffs' responses to the supplemental questions. (DUF 3.) Plaintiffs filed their complaint on November 6, 2024, more than nine months after their consular interview, alleging unreasonable delay. (ECF No. 1.) At the April 1, 2025 hearing, the parties indicated that no subsequent decision had issued on Plaintiffs' applications.

Although not determinative, the first factor, "rule of reason," is the most important. *In re A Cmty. Voice*, 878 F.3d 779, 786 (9th Cir. 2017). Courts examine the length of delay and reason for the delay to determine "whether there is any rhyme or reason for the Government's delay—in other words, whether the agency's response time … is governed by an identifiable rationale." *Jamalina*, 2025 WL 744861, at *5 (quoting *Poursohi v. Blinken*, 2021 WL 5331446, at *4 (N.D. Cal. Nov. 16, 2021). Where Congress has not supplied a period for agency action, courts look to case law in assessing whether the agency's action is unreasonably delayed. *Id.* (citing *Sarlak v. Pompeo*, 2020 WL 3082018, at *6 (D.D.C. June 10, 2020) ("Absent a congressionally supplied yardstick, courts typically turn to case law as a guide."). The relevant period of

delay is measured "from the last government action," in this case, the consular interviews. *Khushnood v. U.S. Citizenship and Immigration Serv.*, 2022 WL 407152, at *4 (D.D.C. Feb. 10, 2022).

Plaintiffs contend that a delay of over nine months since their consular interviews is unreasonable; at this point, more than a year has passed. Courts in this district and other California districts have found comparable delays reasonable. *See, e.g., Ali*, 2024 WL 2274912, at *6 (delay of "fourteen months and counting" after consular interview not unreasonable) (collecting cases); *Infracost v. Blinken*, 732 F. Supp. 3d. 1240, 1254 (S.D. Cal. Apr. 30, 2024) (fourteen-month administrative processing delay insufficient to state a plausible claim for relief; collecting cases); *see also Iqbal*, 2024 WL 3904959, at *10 ("in the immigration context, district courts have generally found delays of less than four years are not unreasonable"; collecting cases). As to the reason for delay, Plaintiffs submitted additional requested documents after their interview, and "a delay to process additional information about an applicant is not facially unreasonable." *Infracost*, 732 F. Supp. at 1255. This factor weights in Defendants' favor.

For the second *TRAC* factor, courts consider whether "Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute[.]" *In re Nat. Res. Def. Council, Inc.*, 956 F.3d at 1138. Plaintiffs argue that a timetable exists, citing the policy language of 8 U.S.C. § 1571(b), which provides: "It is the sense of Congress that the processing of an immigrant benefit application should be completed not later than 180 days after the initial filing of the application[.]" Courts have rejected this argument, however, finding that "the plain text of § 1571 indicates that it applies to the processing of immigrant benefit applications by USCIS, not consular officials at the State Department" and is therefore inapplicable to family preference immigrant visas. *Poursohi*, 2021 WL 5331446, at *8 (quoting *El Centro Reg'l Med. Ctr. v. Blinken*, 2021 WL 3141205, at *4 (S.D. Cal. July 23, 2021)). Moreover, § 1571(b) is a Congressional policy statement and "non-binding legislative dicta." *Id.* (citing *Yang v. California Dept. of Soc. Servs.*, 183 F.3d 953, 958 (9th Cir. 1999)).

"Where Congress has not supplied a time period for agency action, courts look to caselaw to determine whether the agency's action is unreasonably delayed." *Ali*, 2024 WL 2274912, at *6 (citation omitted). Like the first *TRAC* factor, this factor weights in Defendants' favor.

"The third and fifth factors overlap, requiring the court to consider whether human health and welfare are at stake, and the nature and extent of the interests prejudiced by the delay." *Ali*, 2024 WL 2274912, at *6 (quoting *Poursohi*, 2021 WL 5331446, at *9). Plaintiffs did not submit declarations or other evidence on these points, and the Court finds these factors neutral. Moreover, as in *Ali*, even if Plaintiffs had submitted declarations and the Court had weighed the third and fifth *TRAC* factors in their favor, "that would not change the result in this case because the other factors would still outweigh the third and fifth factors." *Ali*, 2024 WL 2274912, at *6 n.1.

Under the fourth *TRAC* factor, the court considers the effect of expediting the adjudication of Plaintiffs' applications on other agency action of higher or competing priority. *Jamalina*, 2025 WL 744861, at *6 (citation omitted). Effectively, Plaintiffs request relief in the form of the State Department prioritizing their immigrant visa applications over other applicants also awaiting final decisions. Most courts have declined to re-allocate consular resources in this way. *See, e.g., Akrayi v. U.S. Dept. of State*, 2023 WL 2424600, at *4 (D.D.C. March 9, 2023) ("While the Court does not wish to minimize the harm [of family separation], precedent in this circuit recognizes that expediting review here would merely redirect resources from other cases") (collecting cases); *Jain v. Renaud*, 2021 WL 2458356, at *6 (N.D. Cal. June 16, 2021) ("Most courts have found that the fourth TRAC factor weighs heavily in the agency's favor when a judicial order putting plaintiffs at the head of the line would simply move all others back one space and produce no net gain."). The fourth factor weighs in favor of Defendants.

Under the sixth *TRAC* factor, where a plaintiff has not made cognizable allegations of impropriety, "courts in the Ninth Circuit have found this factor to either weigh in the government's favor or to be neutral." *Jamalina*, 2025 WL 744861, at *6

(quoting *Poursohi*, 2021 WL 5331446, at *11). While Plaintiffs assert that Defendants have not made good faith efforts to process their applications, the allegedly unreasonable delay is not tantamount to impropriety. *See Ali*, 2024 WL 2274912, at *7 ("The court need not find impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed."). Absent specific allegations of impropriety, the sixth factor is neutral.

Having considered the *TRAC* factors, the Court grants Defendants summary judgment because the nine-month delay at the time the complaint was filed (and currently, fifteen-month delay) is not unreasonable under applicable caselaw. As set forth above, the first, second, and fourth *TRAC* factors weigh in Defendants' favor, while the third, fifth, and sixth factors are neutral. "[C]ourts routinely afford the most weight" to the first and fourth factors. *Poursohi*, 2021 WL 5331446, at *11. Therefore, Defendants are entitled to summary judgment on Plaintiff's APA claim for unreasonable delay.

## IV.  CONCLUSION

In conclusion, IT IS HEREBY ORDERED THAT:

1. Defendants' Motion to Dismiss or, Alternatively, for Summary Judgment (ECF No. 9) is GRANTED;
2. Judgment shall be entered for Defendants; and
3. The Clerk of Court shall close this case.

Dated:  May 14, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

solt3067.sj.6